UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANE S. PEART,

    Plaintiff,

v.                                        CASE NO. 8:23-cv-1609-CEH-SPF

STATE OF MARYLAND,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied and the Complaint dismissed.

    **I.    LEGAL STANDARD**

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*,

619 F. App'x 846, 848 (2015)[1]. Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id*. at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id*. at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

2

relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

Dismissal is also appropriate if, upon review, the complaint reveals a lack of subject matter jurisdiction. *Cafaro v. Wyllins*, No. 8:10-cv-1836-T-30EAJ, 2010 WL 3747868, at *1 (M.D. Fla. Sept. 7, 2010), *report and recommendation adopted*, 2010 WL 3747837 (Sept. 22, 2010). Finally, in reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and, therefore, construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

## II. ANALYSIS

From a review of Plaintiff's affidavit, it appears he is financially eligible to proceed *in forma pauperis* (Doc. 2). But the undersigned recommends dismissal of Plaintiff's Complaint (Doc. 1).

Utilizing form Pro Se 1, Complaint for a Civil Case, Plaintiff brings this action solely against the State of Maryland. In the "Basis of Jurisdiction" section of his Complaint, he alleges he is a citizen of Florida, and Defendant is a citizen of Maryland.[2]

---

[2] This is the fourth case Plaintiff has filed in the Middle District of Florida since July 3, 2023. In this case, Plaintiff filed his Complaint against the State of Maryland on July 26, 2023, alleging he lives in Plant City, Florida (Doc. 1 at 1). In his other cases – *Peart v. State of Florida*, No. 8:23-cv-1493-WFJ-JSS (filed July 3, 2023); *Peart v. State of Florida*, No. 8:23-cv-1527-CEH-AAS (filed July 7, 2023); and *Peart v. State of Florida*, No. 8:23-cv-1529-MSS-UAM (filed July 7, 2023) – he purports to sue the State of Florida, and alleges he resides

He alleges there is more than $75,000 in controversy: "Plaintiff is claiming 250,000,000 in damages because State of Maryland almost cost me my life behind bars for making false allegations against me, causing me bodily harm, and emotional distress." (*Id*. at 4). Plaintiff (who is not currently incarcerated) alleges:

> I was laying down in my room on my day off from work when officers claiming they had a warrant against me busted into my room and arrested me. I got up out of my bed and told them to leave, that I no warrants and had not committed any crimes. Closed and locked my door they forced entry again pointing guns at me and trying to order me around. I kept telling them to get out of my house. They tased me causing injury to my neck and midsection and lose control of my bladder a fall onto my bed, at which point I was arrested. Officers falsified information claiming I charged them with a knife, attempted to murder them and assaulted them. I was arrested and later sentenced to 13 years in prison.

(*Id*. at 4). In addition to $250 million in punitive damages, Plaintiff requests "the arrest of the individuals involved in the incident" and "replevin for false incarceration[.]" (*Id*.).

To begin, Plaintiff does not show that venue is proper in the Middle District of Florida. Under 28 U.S.C. § 1391(b), a federal civil action may be brought in a judicial district where any defendant resides or where a substantial part of the events giving rise to the plaintiff's claims occurred. Venue is not proper in the Middle District of Florida because the Complaint does not show that Defendant resides, or is subject to personal

---

in *Maryland*, not Plant City. The district judge denied Plaintiff's *in forma pauperis* motion in No. 8:23-cv-1493-WFJ-JSS and dismissed Plaintiff's complaint without prejudice on Eleventh Amendment grounds. In No. 8:23-cv-1527-CEH-AAS, the assigned magistrate judge, in a pending report and recommendation, recommended Plaintiff's *in forma pauperis* motion be denied and his complaint dismissed as barred by the Eleventh Amendment, with prejudice (Doc. 5). And in Plaintiff's third-filed case, No. 8:23-cv-1529-MSS-UAM, his *in forma pauperis* motion is pending.

jurisdiction, in this district or that any events giving rise to Plaintiff's claims occurred here (*see* Doc. 1).

Even putting this defect aside, Plaintiff's claims against the State of Maryland are barred by the Eleventh Amendment. The Eleventh Amendment "immunizes an unconsenting state from suits brought in federal court" by private citizens. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)). A federal court may not exercise jurisdiction over a suit filed by a citizen against a state unless "the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity." *Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 495 (11th Cir. 2017) (citing *Cross v. State of Ala.*, 49 F.3d 1490, 1502 (11th Cir. 1995)).

Here, Plaintiff is attempting to sue the State of Maryland but does not explain why sovereign immunity under the Eleventh Amendment would not bar his claims. The Court finds Plaintiff's claims are barred by the Eleventh Amendment and should be dismissed as frivolous under § 1915. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n.2 (11th Cir. 1990) (noting "the absolute immunity of the defendant would justify the dismissal of the claim as frivolous").

Plaintiff alleges diversity jurisdiction only. Nonetheless, to the extent Plaintiff is attempting to assert a 42 U.S.C. § 1983 claim against the State of Maryland, such a claim is also deficient. Section 1983 is the vehicle through which an aggrieved person may seek relief if an individual acting under color of state law violates his or her federally protected rights. *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). But § 1983 does not abrogate state

sovereign immunity for damages suits, and Maryland has not waived its immunity from § 1983 suits. *See Cottman v. Maryland*, No. RDB-16-3306, 2017 WL 3727455, at *5 (D. Md. Aug. 30, 2017).

Although "some entities, such as local governing units, have been deemed suable under § 1983," pursuant to the United States Supreme Court's decision in *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690 (1978), states are not suable under § 1983. The Supreme Court made clear in *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) that states themselves are not suable under § 1983 because they enjoy Eleventh Amendment immunity. "If sovereign immunity has not been waived, federal courts lack subject-matter jurisdiction over the claim." *Cottman*, 2017 WL 3727455, at *5 (citation omitted). Thus, any construed § 1983 claim Plaintiff attempts to bring against the State of Maryland is barred by the Eleventh Amendment. *See Marsh v. Fla. Dep't of Corr. Bureau of Servs.*, 323 F. App'x 885, 886 (11th Cir. 2009) ("The Eleventh Amendment bars § 1983 claims against the States in federal court.").

The Court recommends Plaintiff's motion to proceed *in forma pauperis* be denied. A "pro se plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice – at least, that is, where a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (alterations and quotations omitted). But because Plaintiff's cause of action is barred by sovereign immunity, it would be futile for him to file an amended complaint, even if he filed it in the proper venue.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied.

2. Plaintiff's Complaint (Doc. 1) be dismissed with prejudice and the Clerk be directed to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on August 7, 2023.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.